**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan K. Morgal, ) | |
| ) | |
| Plaintiff, ) | No.  CV 12-280-TUC-CKJ |
| ) | |
| vs. ) | |
| ) | ORDER |
| Edward Williams, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are the issues taken under advisement by the Court during the March 29, 2016, hearing as presented in Defendant's Motion in Limine No. 1 to Preclude Plaintiff's Expert Eldon Vail's Opinions and Report (Doc. 127), Plaintiff's Motion in Limine #1: to Exclude Expert Opinions of Cameron Lindsay  (Doc. 136), Plaintiff's Motion in Limine #2: to Exclude Evidence of Irrelevant Instances of Conduct and Discipline of Plaintiff Allan K. Morgal (Doc. 137), Defendant's Motion in Limine No. 4 to Preclude Admission of Racial Disparity Testimony (Doc. 130), and Plaintiff's Motion in Limine #6: to Exclude Criminal History (Doc. 141).[1]

---

[1] The Motion in Limine #2 to Preclude Witness Shane Evans and Preclude Admission of Evans' Witness Statement (Doc. 128), the Motion in Limine # 3 to Preclude Admission of Affidavit and Witness Statement of Andy Velasquez (Doc. 129), and the Motion in Limine #4: Daubert Motion to Exclude "Expert" Testimony of Rowena Geraldoy (Doc. 139) are also pending.  The Court will address these motions at the time of trial.

*Defendant's Motion in Limine No. 1 to Preclude Plaintiff's Expert Eldon Vail's Opinions and Report* (Doc. 127) *and Plaintiff's Motion in Limine #1: to Exclude Expert Opinions of Cameron Lindsay* (Doc. 136)

The Federal Rules of Evidence provide when expert testimony may be appropriate:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.

When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2795, 125 L.Ed.2d. 469 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999); *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002), *amended en banc* at 319 F.3d at 1073 (9th Cir. 2003). The Ninth Circuit has held that a trial court may make a determination as to a proposed expert's qualifications, the relevance of the testimony, and the reliability of the testimony without a hearing. *United States v. Alatorre*, 222 F.3d 1098, 1101-02 (9th Cir. 2000). Indeed, this latitude allows a trial court to decide what proceedings, if any, are required to determine reliability. *Alatorre*, 222 F.3d at 1103; *see also Hangarter*, 676 F.3d at 1018 (trial court satisfied gatekeeping duties by probing the extent of expert's knowledge and experience of expert in pre-trial rulings and during voir dire).

In this case, the parties agree that each other's expert is qualified. However, they question whether the other's proposed expert testimony is relevant. Although each expert proposes to testify as to factors to consider in weighing the credibility of Allan K. Morgal ("Morgal") and Edward Willaims ("Williams"), they also propose to testify as to the excessive force. It appears such expert testimony is generally not appropriate:

Although not necessarily barred by Fed.R.Evid. 704(a), expert testimony as to the

reasonableness of the officer's action is only admissible to the extent that it will assist the trier of fact . . . Additionally, the Court is under a duty to avoid the needless waste of time in presentation of evidence and to avoid any unfair prejudice that substantially outweighs the probative value of the evidence, or which could mislead the jury in the same fashion, Fed.R.Evid. 611(a) and 403.

*Wells v. Smith*, 778 F.Supp. 7 (D.Md. 1991).  Further, "[t]he question of reasonableness is quintessentially a matter of applying common sense and the community sense of the jury to a particular set of facts and, thus, it represents a community judgment.  It would interfere inappropriately with that judgment process, mandated by *Graham v. Connor*, to allow expert testimony as to what reasonableness is, either abstractly or as applied." *Id.* However, some courts have determined that such testimony is admissible. *See e.g., Davis v. Mason County*, 927 F.2d 1473 (9th Cir. 1991) (superceded by statute on other grounds) (expert permitted to testify that sheriff was "reckless" in failing to train deputies and that there was a causal link between that recklessness and plaintiff's injuries); *Samples v. City of Atlanta*, 916 F.2d 1548 (11th Cir. 1990). The critical issue in this case is the credibility of Morgal and Williams – a "classic 'he said- he said' scenario, which is to be resolved by a jury." *Nixon v. Greenup Cty. Sch. Dist.*, 890 F. Supp. 2d 753, 760 (E.D. Ky. 2012), (discussing whether summary judgment was appropriate).  Moreover, this case does not present complex facts.  For the jury to decide if the force used by Williams was excessive, the jury can apply the common and community sense of the jury to the facts to reach a decision.  The Court will grant the motions to preclude the expert testimonies of Cameron Lindsay and Eldon Vail.

*Plaintiff's Motion in Limine #2: to Exclude Evidence of Irrelevant Instances of Conduct and Discipline of Plaintiff Allan K. Morgal* (Doc. 137)

During the March 29, 2016 hearing, the Court determined that evidence of what occurred during the incident between Morgal and Williams, including racial comments, is admissible at trial.  The Court also determined that evidence of the subsequent disciplinary proceedings is precluded from use at trial, with the exception of statements

by Morgal. Additionally, the Court finds that evidence as to Morgal's beliefs as to whether he believed Williams' conduct was racially motivated is relevant and admissible at trial.

As to testimony regarding statements made by Morgal to Dr. Lewis requesting a bottom bunk and receiving fiber from the medical unit rather than purchasing it from the commissary, this evidence is probative of Morgal's character for truthfulness or untruthfulness. The Court finds such evidence is admissible pursuant to Fed.R.Evid. 608(b) ("specific instances of a witness's conduct . . . may, on cross-examination . . . be inquired into if they are probative of the character for truthfulness or untruthfulness). However, as these incidents are not criminal convictions, extrinsic evidence of the specific instances of conduct are not admissible. *Id*. Further, the Court finds only brief inquires into these areas is appropriate under Fed.R.Evid. 403.

As to whether Morgal's conduct as a "jailhouse lawyer" as to this incident is admissible, the Court finds such evidence to be relevant and admissible. "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Thus, "evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Espinoza-Baza*, 647 F. 3d 1182, 188 (9th Cir. 2011). Evidence of Morgal's conduct (e.g., allegedly being in possession of other prisoner's legal papers) is relevant to show Morgal's motive and intent during the meeting between Morgal and Williams. *See* Fed.R.Evid. 404(b). Further, such evidence places the incident between Morgal and Williams in context. However, the Court does not find that the title "jailhouse lawyer" is relevant; further, any probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. However, should Morgal present evidence of his status as a "jailhouse lawyer," Defendant may then use this title to describe Morgal's

- 4 -

status.

Additionally, the evidence of Morgal's prior lawsuits against his alleged victims is relevant to show motive and lack of mistake under Fed.R.Evid. 404(b). However, the Court finds the probative value of the evidence is substantially outweighed by a danger of unfair prejudice and confusion of the issues. Fed.R.Evid. 403. Therefore, this evidence may not be introduced at trial except in rebuttal.

*Motion in Limine # 4 to Preclude Admission of Racial Disparity Testimony* (Doc. 130)

Morgal agrees with Williams that observations Morgal made regarding racially disparate treatment are not relevant. However, he asserts that, if the defense is permitted to present evidence of racial statements made by Morgal, he should be able to present this evidence. However, the Court finds this evidence is not statistically reliable nor does it make a fact more or less probable than it would be without the evidence. The Court will grant this motion.

*Motion in Limine #6:  To Exclude Criminal History* (Doc. 141)

Morgal requests the Court to limit the use of the prior convictions of Morgal. According to Morgal, he has been sentenced to prison at least four times. He was in prison in Minnesota in the early 1980's and then was extradited to Arizona. He was committed to the ADC's custody from November 1984 to August 1985 for a fraudulent insurance claim committed in 1982. Morgal was imprisoned in Colorado in the mid 1980's for fraud and theft before being extradited again to Arizona. He was then committed to the ADC's custody from March 1990 to December 1993 for fraudulent schemes and artifices committed in 1986. Morgal is currently serving a 22 year sentence for 2006 convictions for fraudulent schemes and artifices, thefts, and money laundering committed between 2003 and 2004.

Evidence of felony convictions that are less than ten years old are admissible to

1  attack a witness's credibility.  *See* Fed.R.Evid. 609.[2]  Indeed, evidence of a felony
2  conviction less than ten years old is not subject to an inquiry into whether the elements
3  of the crime involved a dishonest act or false statement.  Fed.R.Evid. 609(a)(1)(A).  The
4  Court finds Morgal's 2006 convictions may be used.  Because the Court does not have
5  any conviction documents before it, based on the titles of the convictions and the
6  descriptions by Morgal during his deposition, the Court finds the 1984 conviction for a
7  fraudulent insurance claim and the 1990 fraudulent schemes and artifices conviction
8  involved dishonest acts.  Fed.R.Evid. 609(a)(2).  Further, the probative value of these
9  convictions substantially outweighs any prejudicial effect.  Specifically, this evidence
10 shows a pattern of dishonest acts, rather than presenting evidence that would indicate a
11 one-time dishonest event.  However, the Court limits the use of the convictions to their
12 dates and titles.  The probative value of the details of the convictions does not outweigh
13 any unfair prejudice.  The Court finds Morgal's other convictions may not be used.

14  Additionally, witnesses Evans and Velasquez may be impeached with their felony
15 conviction if ten years or less have passed since each witness's conviction or release from
16 confinement for it, whichever is later.

17  Accordingly, IT IS ORDERED:

18  1. Defendant's Motion in Limine No. 1 to Preclude Plaintiff's Expert Eldon
19 Vail's Opinions and Report (Doc. 127) is GRANTED.

20  2. Plaintiff's Motion in Limine #1: to Exclude Expert Opinions of Cameron
21 Lindsay (Doc. 136) is GRANTED.

22  3. Plaintiff's Motion in Limine #2: to Exclude Evidence of Irrelevant Instances
23 of Conduct and Discipline of Plaintiff Allan K. Morgal (Doc. 137) is GRANTED IN

---

[2]If more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later, Fed.R.Evid. 609(b), the evidence is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and adequate notice of the intent to use the evidence is given.

- 6 -

PART AND DENIED IN PART.

    4.    Defendant's Motion in Limine No. 4 to Preclude Admission of Racial Disparity Testimony (Doc. 130) is GRANTED.

    5.    Plaintiff's Motion in Limine #6: to Exclude Criminal History (Doc. 141) is GRANTED IN PART AND DENIED IN PART.

DATED this 4th day of April, 2016.

_____
Cindy K. Jorgenson
United States District Judge