**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan K. Morgal, ) | |
| ) | |
| Plaintiff, ) | No.  CV 12-280-TUC-CKJ |
| ) | |
| vs. ) | |
| ) | ORDER |
| Edward Williams, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Motion for Reconsideration of Court's Order Granting Defendant's Motion in Limine # 1 to Preclude Plaintiff's Expert Eldon Vail's Opinions and Report (Doc. 184).  A response has not been filed.  *See* LRCiv 7.2(g) (no response is to be filed unless ordered by the court).

The Court has discretion to reconsider and vacate an order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986).  However, motions for reconsideration are disfavored.  *See generally Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).  Indeed, a motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where

1 the court has patently misunderstood a party, where the court has made a decision outside
2 the adversarial issues presented to the court, where the court has made an error not of
3 reasoning but of apprehension, or where there has been a controlling or significant change
4 in the law or facts since the submission of the issue to the court); *see also United States*
5 *v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

6       Plaintiff asserts the Court incorrectly equated the two experts' proposed testimony
7 in finding that both should be excluded, does not give due credit to contrary Ninth Circuit
8 law, and leaves to chance whether jurors' "common sense" will be "informed by an
9 accurate understanding of the procedures and policies for handcuffing and use of force."
10 Motion (Doc. 184), p. 1.  Plaintiff's expert, Eldon Vail, is offered to provide testimony
11 as to the evaluation of the factors to consider where force is excessive, "the relationship
12 between the need for force and the amount of force used, the extent of injuries, the threat
13 reasonably perceived by responsible officers, attempts to mitigate the amount of force
14 used, and whether force was used in a good faith effort to maintain or restore discipline."
15 Response to Motion in Limine (Doc. 162), p. 2.  Although Plaintiff asserts such testimony
16 does not weigh the credibility (rather, Plaintiff asserts Mr. Vail accepts the facts as
17 alleged by Plaintiff for purposes of this opinion) and does not offer an opinion on the
18 ultimate issue, it appears that Mr. Vail's opinions either weigh the credibility of
19 Plaintiff's allegations or, if those allegations are accepted, gives an opinion as to how the
20 jury should view those facts.  The Court finds that, in this case which does not present
21 complex facts, this testimony would improperly invade the role of the jury and would not
22 properly assist the jury in assessing the facts.

23       Morever, Plaintiff asserts Mr. Vail would also offer opinions about the prisoner
24 grievance process.  The Court has previously determined that the expert's opinion for
25 offering opinions regarding the Arizona Department of Corrections' ("ADC") failure to
26 fully investigate the incident should be precluded.  Similarly, Mr. Vail's opinions as to
27 the prisoner grievance process is not relevant to a determination of whether Defendant
28

- 2 -

in this case applied force in a good-faith effort to maintain or restore discipline or whether Defendant maliciously and sadistically applied force for the purpose of causing harm.

The Court finds Plaintiff has not established reconsideration of this issue is appropriate. Rather, Plaintiff is requesting this Court to rethink what this Court has already thought through.

Accordingly, IT IS ORDERED Plaintiff's Motion for Reconsideration of Court's Order Granting Defendant's Motion in Limine # 1 to Preclude Plaintiff's Expert Eldon Vail's Opinions and Report (Doc. 184) is DENIED.

DATED this 5th day of April, 2016.

_____
Cindy K. Jorgenson
United States District Judge