**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan K. Morgal,<br>      Plaintiff,<br>vs.<br>Edward Williams,<br>      Defendant. | No. CV 12-280-TUC-CKJ<br><br>ORDER |

Pending before the Court is the Objection to Costs (Doc. 205) filed by Allan Kenneth Morgal ("Morgal"). A response has been filed (Doc. 208).

*Procedural History*

On April 13, 2016, a judgment pursuant to a jury verdict was entered in favor of Edward Williams ("Williams") and against Morgal. On April 25, 2016, counsel for Williams submitted a Bill of Costs totaling $7,196.94 and supporting documentation (Doc. 201). An exhibit to the response indicates that Morgal signed for mail from counsel's office on April 29, 2016 (Doc. 208-1). On May 13, 2016, the Clerk of Court entered a Judgment on Taxation of Costs in the amount of $7,196.94 (Doc. 204). The docket sheet does not indicate that a copy of the Judgment on Taxation of Costs was mailed to Morgal by the Clerk of Court.

On June 20, 2016, Morgal filed an Objection to Costs. Morgal asserts an improper service of the Bill of Costs (Doc. 201) was attempted (Doc. 205) and that he did not receive a copy of the Judgment on Taxation of Costs (Doc. 208). He also objects to the

costs of the transcripts of Marc Puliuchio, Ramond Grewe, Cameron Lindsay and Eldon Vail as those persons were not used at trial nor did they have any knowledge of the incident.[1] Morgal further asserts that he is indigent (e.g., he is still paying his original filing fees).

Williams responds that Morgal has not presented any information or argument that rebuts the presumption that Morgal received the Bill of Costs. Counsel for Williams mailed the Bill of Costs to Morgal on April 25, 2016 (Doc. 208), Exs. A and B. Further, Williams asserts his costs were reasonable and necessary.

*Notice of Bill of Costs*

The applicable rule states: "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed.R.Civ.P. 54.1(d)(1). Here, Morgal does not dispute that Defendant sent the Bill of Costs to him. Rather, he only asserts he did not receive a copy from the Clerk of Court. However, the rule does not require that the notice be from the Clerk. The Court finds Morgal received adequate notice of the Bill of Costs.

Further, although Morgal's Objection was not filed within seven days, the Court finds it appropriate to consider Morgal's Objection.

*Bill of Costs – Reasonable and Necessary*

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Fed.R.Civ.P. 54(d), costs incurred by the prevailing party may be assessed against the losing party and may be taxed by the Clerk. *Lai v. Nw. Mut. Life Ins. Co.*, No. 13-CV-05183-SI, 2015 WL 885035, at *1 (N.D. Cal. Feb. 27, 2015). "Unless a federal

---

[1] Morgal asserts that "[a]lthough Anna Jacobs did testify she had nothing substantive to add." It is not clear if Morgal is objecting to her deposition transcript as well.

- 2 -

statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Taxable costs are listed in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As to Morgal's objections to the costs for transcripts that were prepared for several witnesses because they "were not used nor had any knowledge of the alleged incident[,]" (Doc. 205, p. 1), Morgal does not dispute Defendant's assertion that counsel for Morgal noticed the depositions of Pulicicchio, Grewe, Lindsay, and Jacobs. The Court agrees with Defendant that the costs associated with obtaining copies of the transcripts of those proceedings were both reasonable and necessary. Further, it was because Morgal sought to present expert testimony that the defense was placed in the position of seeking expert Vail (Doc. 113); the Court finds these costs were reasonable and necessary.

*Bill of Costs – Discretion of Court*

Upon motion for review of the taxation of costs by the clerk, the clerk's actions may be reviewed by the Court. Fed.R.Civ.P. 54(d)(1). The taxation of costs lies within

1  the trial court's discretion. *In re Media Vision Tech. Sees. Litig.*, 913 F.Supp. 1362, 1366
2  (N.D.Cal. 1996). If a district court departs from the presumption in favor of awarding
3  costs, it must give reasons for doing so by explaining "why a case is not 'ordinary' and
4  why, in the circumstances, it would be inappropriate or inequitable to award costs."
5  *Ass'n. of Mexican-American Educators v. Cal.*, 231 F.3d 572, 593 (9th Cir. 2000). A
6  district court may consider a variety of factors in determining whether to exercise its
7  discretion to deny costs to the prevailing party, including great economic disparity
8  between the parties, meritorious claims, public importance of the issues, and the losing
9  party's limited financial resources. *Id.*[2]

10  The Court also considers that the Ninth Circuit Court of Appeals has stated, "We
11  do not mean to suggest that the presumption in favor of awarding costs to prevailing
12  parties does not apply to defendants in civil rights actions." *Id*. at 593. Nonetheless, a
13  district court abuses its discretion when it awards costs against a losing plaintiff without
14  considering the plaintiff's limited financial resources. *Id*. at 592; *Stanley*, 178 F.3d at
15  1079–80 ("[d]istrict courts should consider the financial resources of the plaintiff and the
16  amount of costs in civil rights cases[;]" referring to the possibility that the plaintiff
17  "would be rendered indigent should she be forced to pay" the amount assessed against
18  her); *see also Mansourian v. Board of Regents of the Univ. of California at Davis*, 566
19  F.Supp.2d 1168, 1171 (E.D. Cal. 2008) (refusing to award costs against student plaintiffs,
20  noting their "limited financial resources" and that they were barely able to cover their
21  monthly living expenses).

22  This case has public importance. Indeed, "[i]ndividual Eighth Amendment cases
23  are important for safeguarding the rights and safety of prisoners." *Draper v. Rosario*, —

---

[2] As pointed out by the Ninth Circuit, a prisoner "proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs. Indeed, 28 U.S.C. § 1915 provides that when costs are awarded against an indigent prisoner, the prisoner will be required to pay those costs on a monthly payment plan of twenty percent of the prisoner's income from the previous month." *Draper v. Rosario*, — F.3d —, 2016 WL 4651407 (9th Cir. September 7, 2016).

- 4 -

F.3d —, 2016 WL 4651407 *12 (9th Cir. September 7, 2016) (citations omitted). Further, "[Morgal's] evidence of an Eighth Amendment violation was sufficient to survive summary judgment. Ultimately, the case turned on which competing account of events the jurors believed." *Id.* However, it does not appear this case was nearly as close as in *Draper*. In *Draper*, "[a]fter closing arguments, the jury deliberated for the remaining half-day and then for several more hours the next morning before returning a verdict for Rosario." *Id.* In this case, the jury reached its verdict in less than two hours (Doc. 96). However, the Court also considers the imposition of full costs could have a chilling effect. *Draper*, 2016 WL 4651407 at *12. Lastly, there is a great economic disparity between the parties and Morgal has limited financial resources. *See e.g. Baltimore v. Haggins*, No. 1:10-cv-00931, 2014 WL 804463 *2 (E.D.Cal. Feb. 27, 2014) ("Plaintiff's *in forma pauperis* and incarceration status makes the financial disparity between him and Defendant (a free, employed person, whose defense bills were undoubtedly paid by his employer) self-evident."). The Court finds it is appropriate to award costs in a reduced amount. *Draper*, 2016 WL 4651407 at *12. In considering these factors, the Court finds this case is not "ordinary" and taxation for the reduced amount of $1,000 of the costs for Williams and against Morgal to be appropriate.

Accordingly, IT IS ORDERED:

1. Morgal's Objection to Costs (Doc. 205) is Sustained in Part and Overruled in Part.

2. The Judgment on Taxation of Costs (Doc. 204) is VACATED. The Clerk of Court is directed to issue a Judgment on Taxation of Costs with costs taxed for Williams and against Morgal in the amount of $1,000.

DATED this 18th day of October, 2016.

_____
Cindy K. Jorgenson
United States District Judge